# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OKLAHOMA

**(1) RACHEL COLEMAN,** an individual )
)
  Plaintiff, )
)
vs. )  Case No. 21-cv-430-CVE-JFJ
)
**STATE FARM FIRE AND CASUALTY** )
**COMPANY**, an Illinois insurance company, )
)
  Defendant. )

## PLAINTIFF'S MOTIONS IN LIMINE

  Plaintiff, Rachel Coleman ("Coleman") moves for Orders *in limine* prohibiting Defendant from directly or indirectly offering or referring to, inquiring about, introducing, arguing or mentioning in any way throughout the course of this trial, including but not limited to the voir dire, opening and closing statements and questioning of witnesses, evidence, or in the alternative, requiring Defendant's counsel to approach the Court, outside of the hearing of the jury, and seek special permission to discuss, reveal or enter exhibits concerning the items as set out below.

## SUMMARY OF THE CASE

  This case arises from an electrical house fire on October 25th, 2020, at Coleman's residence. At the time of the fire, the residence was insured by State Farm Fire & Casualty Insurance Company ("State Farm"), with homeowner's all risk of loss perils coverage for a loss replacement cost of $157,600 for the dwelling, and $118,200 contents/personal property.

  Coleman properly reported the claims to State Farm and State Farm commenced the claims processing, eventually paying for repairs to the house and paying Coleman $25,852.15 for some of the contents, with deductibles applied. Coleman made claims for the expenses and covered loss contents above what was paid.

## SUPPORTING OF FACTS

1. At no time after the fire did State Farm investigate the portion of Coleman's contents claim for items valued less than $800-$1,000 per item; any documentation or photographs were minimal and incomplete.

2. One of State Farm's adjusters, Heather Stanley, confirmed that decorations and other items from Coleman's recent wedding, which were on the lost item list, were present in the house at the time of the fire; and likely could not be cleaned/salvaged (Exhibit 1, Claim File 0019).

3. Coleman herself, with help from family and friends, sorted through her belongings and made a spreadsheet listing items which could not be salvaged (Exhibit 2, Lost Item List).

4. Under State Farm's instruction, she discarded items which had value less than $800-$1,000 per item, after recording them for her lost item spreadsheet.

5. Coleman researched replacement values for all items on the lost item list.

6. Coleman provided State Farm with a comprehensive list of lost (unsalvageable) items, with estimated values she researched, emailed on 1/25/2021 to Adjuster Jerome Abbage ("Abbage"), and many photographs of items in their original condition.

7. Upon receiving Coleman's list of claimed loss contents, State Farm then demanded inspection of the items it had instructed her to discard, and denied payment for any item on the lost item list. (See Exhibit 3, Transcript of Recorded Conversation of 2/12/2021 Between Rachel Coleman and Jerome Abbage, highlighted as examples, P. 2: L.14-17, P. 2: L.25-34, P. 3: L. 9-17, 25-40, P. 5: L17-31, P. 6: L. 9-14, 19-24, P. 7: L. 28 - P. 8:L. 6, P. 9: L. 16-19.)

8. The inspection was demanded by State Farm's adjuster knowing the items had been discarded per that adjuster's instructions.

9. State Farm's assigned adjusters never inspected the low-valued loss items before instructing Plaintiff to discard them.

10. State Farm then denied payment for lost items again (10) months later; (See Exhibit 4, Transcript of Recorded Conversation of **8/9/2021** Between Rachel Coleman and Jerome Abbage, highlighted as examples, P. 1: L.35 - P. 2: L. 2, P. 2: L. 24, 35-37, P. 3: L32:35, P. 4:L. 36 - P. 5:L. 5, 9-12, 21 - P. 6: L. 2, P. 6: L. 11-36.)

11. State Farm never made payment for any item on the lost item list, even the wedding items observed by Heather Stanley.

12. Coleman sued for breach of contract and failure to deal in good faith, based on State Farm's delay in handling Coleman's claim for her lost items, failure to investigate, reasonably evaluate, and promptly complete payment for her remaining content damages, and its stated rationale for the denial (the items had been discarded).

Plaintiff now submits her Motions *in Limine* to better prepare the Court and jury for judicial economy and for a fair and just trial of this matter.

## **MOTIONS IN LIMINE**

Rule 401 of the Federal Rules of Evidence defines "relevant evidence" as that which makes the existence of any fact of consequence to the determination of an action more probable or less probable than it would be without the evidence. Rule 402 states that irrelevant evidence is inadmissible. Rule 403 prohibits admission even of relevant evidence when there is a substantial danger of confusion or prejudice. Plaintiff moves for the evidence noted below to be ruled irrelevant and/or inadmissible and excluded.

**Motion in Limine No. 1:   Excluding Reference to Documents, Statements or Any Information Not Part of State Farm's Original Investigation of the Claim Up to the Date of Denial (2/12/2021)**

Plaintiff moves this Court enter an Order excluding any reference to documents, statements or any information not part of State Farm's original investigation of the low value/lost items which were part of Plaintiff's claim, up to the date of denial, 2/12/2021.

At hearing on Coleman's Motion for Protective Order and State Farm's Motion to Compel, the U.S. Magistrate permitted State Farm to conduct discovery to which Coleman had objected as constituting a "rework" of the involved claim. The Magistrate stated that any decision regarding admissibility of evidence obtained in the discovery would need to be addressed by the trial judge. Coleman now asserts that much of the evidence State Farm obtained in the allowed discovery is netither relevant nor admissible.  The only evidence that is relevant and admissible is what existed at the time of State Farm's denial on 2/12/2021.  Everything else is "after the fact".

The Court, in *Buzzard v. Farmers*, was clear on the issue of investigation after the fact:

> "The information relevant at trial was that upon which Farmers relied in refusing payment.  The reconstructionist was not asked to evaluate the accident until after the denial of the claim. Thus, Farmers could not have relied on his opinion in denying the claim."[1]

and, in *First Bank of Turley v. Fidelity and Deposit Insur. Co. of Maryland*:

> "...the correctness of the insurer's decision clearly depends of facts *known and knowable* at the time it was called upon to act."[2] (Emphasis added.)

Coleman asserts that evidence Defendant may seek to admit includes that related to:

1.      Whether items were present, spoiled or damaged.

---

[1]*Buzzard v. Farmers Insuance Company, Inc.,* 1991 OK 127, 824 P.2d 1105
[2]*First Bank of Turley v. Fidelity and Deposit Insur. Co. of Maryland*, 1996 OK 105, 928 P.2d 298.

2. The value of any item other than that provided by Coleman to State Farm in her lost item list.

3. The total amount claimed on the list.

4. The number of items on the list.

5. The accuracy of the list.

6. The validity of her lost item claim.

7. Late obtained discovery responses, including that requested by outstanding subpoenas regarding dumpster rental, purchase or use.

Those issues were never investigated by State Farm before its denial, and should be excluded as being speculative, unduly prejudicial, confusing, irrelevant to the issues of this case, and inadmissible as follows:

**A.     Breach of Contract**

Just as *Buzzard* addresses the relevance and admissibility of information obtained after the fact, it is applicable to any assertion that this type of evidence should be allowed for defense against the issue of breach of contract.

In *Buzzard*, the Court did not differentiate between breach of contract and bad faith claim handling:

> "We first recognized the tort of bad-faith breach of contract in *Christian v. American Home Assurance Co.*, 577 P.2d 899 (Okla. 1977). We held that the insurer is under a legal duty to act in good faith when dealing with its insured. The insurer's duty includes, but is not limited to, the [824 P.2d 1109] duty not to unreasonably withhold payment of claims. *Christian*, 577 P.2d at 903. The special relationship between the insurer and its insured gives rise to such a duty, especially in light of the quasi-public nature of the insurance industry and the unequal bargaining power of the parties. *Id.* at 902. Of particular importance is the delicate position of the insured after a loss is incurred."[3]

---

[3]*Buzzard*, supra. at ¶ 11.

The assertion that evidence obtained after the fact must be admitted in defense of the breach of contract issue is not supported by statute or case law. The evidence obtained after claim denial is speculative, irrelevant, not admissible and should be prohibited from presentation to jury in any manner.

**B.** **Legitimate Dispute**

Coleman anticipates State Farm may assert that a "legitimate dispute" defense justifies presentation to the jury evidence obtained after its original investigation. The Court addressed this in *Watson v. Farmers Insurance Company, Inc.*, citing *Bannister v. State Farm Mu. Auto. Ins. Co.*:

> "If the evidence establishes that there was a legitimate dispute as to coverage under the policy, and the insurer's position was reasonable in light of the facts *known or knowable* to it, then the insurer does not breach the duty of good faith merely by refusing to pay the claim. However, even where there is a legitimate dispute, a jury may decide the issue of bad faith *if there is evidence that the insurer did not actually rely on that legitimate basis to deny coverage or that the insurer failed to adequately investigate the claim and a proper investigation would have revealed material information.*"[4] (Emphasis added.)

There is not one item on Coleman's list for which any value was researched or investigated by State Farm before it made its denial. State Farm should not be permitted to introduce evidence to support a "legitimate dispute" when it did not investigate and come to its own proposed value for the lost items before issuing its denial.

**C.** **Evaluation of Coleman's damages by the jury**

**1.** **Breach of Contract Damages**

For breach of contract, the measurement of damages is capped set out in 23 O.S.§22:

> "The detriment caused by the breach of an obligation to pay money only is deemed to be the amount due by the terms of the obligation, with interest thereon."[5]

---

[4]*Watson v. Farmers Insurance Company, Inc.,* 223 F.Supp.3d 1342, (N.D. Okla. 2014) citing *Bannister v. State Farm Mut. Auto. Ins. Co.*, 692 F.3d 1117, 1127 (10th Cir. 2012) (quoting *Oulds v. Principal Mut. Life Ins. Co.*, 6 F.3d 1431, 1442 (10th Cir. 1993)).
[5]23 O.S. §22. See also OUJI 23.51.

As relates to insurance contracts, this amount is generally the policy limits of the subject policy, with bad faith damages addressed separately.[6] In this case, the amount the jury may award is limited by statute to $92,347.85, the amount demanded up to the remaining under the policy limits. Coleman does not dispute this limit.

Coleman concedes that due process permits State Farm to argue to the jury that the value of any breach of contract damages could be determined by the jury to be less than $92,347.85. Coleman does, however, assert that State Farm should not be permitted to introduce any evidence regarding a specific proposed value of Coleman's claim based on anything that was not known before its denial. State Farm never conducted an investigation or established a "reasonable" value for Coleman's claim. Any specific proposed value, without admissible evidence to support it, is speculative and likely to confuse and mislead the jury. Any probative value is far outweighed by the prejudice it may cause. Any information or evidence from after State Farm's denial should be excluded.

**2.      Bad Faith Damages**

The same applies to any proposed valuation of bad faith damages. Coleman submits State Farm should be prohibited from introducing to the jury any evidence or information for consideration which was not known at the time of State Farm's denial.

Furthermore, under *Buzzard*, no new information regarding the State Farm's handling of Coleman's claim is relevant or admissible, for this or any other purpose. Such evidence must be ruled inadmissible and excluded.

Plaintiff submits such speculation is inadmissible because it is not founded on admissible evidence and not proof of anything relevant to the issues of this case. It is likely to mislead and

---

[6]*Christian*, supra.

confuse the jury, and any probative value is far outweighed by the prejudice it may cause. Plaintiff moves that all evidence not known or knowable before State Farm's denial of 2/12/2021 be excluded.

Granted: \_\_\_\_\_    Denied: \_\_\_\_\_

**Motion in Limine No. 2:**    **Excluding Reference to Coleman's other court cases and/or legal proceedings**

In the course of her life and business dealings, Coleman has made use of the legal system on a few occasions, as is her right. Her other court actions are:

1. Tulsa County 6/25/2019, SC-2019-10146; Rachel Coleman vs Lousia Hamilton (aka Fletcher).
2. Tulsa County 5/19/21. SC-2021-4662; Rachel Coleman vs Jared Fletcher.
3. Tulsa County 9/4/2021. CJ-2020-2734; Rachel Coleman vs Betty Downie.
4. Bankruptcy Case (as creditor), USDC ND, Oklahoma, #20-10282-M; Louisa Fletcher aka Louisa Hamilton.

Introduction of those proceedings to the jury in this matter is irrelevant to the issues and would be prejudicial and misleading to the jury. Those matters would have to be fully tried before the jury in this matter for any relevant or meaningful information to be ascertained. Many individuals may have had a negative experience with legal matters or have a general distrust of any person who resorts to the court system with a lawsuit. Any Plaintiff faces a certain amount of prejudice for having done so. The fact Coleman took legal action in other situations casts her in a light that may or may not be justified but would engender jury speculation that she is litigious and

greedy and does not deserve a favorable verdict. Reference to her other legal actions would yield only speculation regarding her character. and would unduly prejudice a jury against her.

Furthermore, such information is irrelevant to the issues of this matter, having no bearing on whether State Farm breached its insurance contract with Coleman or handled her claim in bad faith. The Court should find any information regarding other legal proceedings by Coleman to be inadmissible and should prohibit any mention thereof in front of the jury.

Granted: \_\_\_\_\_            Denied: \_\_\_\_\_

                                                     Respectfully submitted,

                                                     **BUFOGLE & ASSOCIATES, P.C.**

                                       By: /s/Joseph F. Bufogle, Sr.
                                           Joseph F. Bufogle, Sr., OBA No. 10554
                                           5801 E. 41st St., Suite 105
                                           Tulsa, OK 74135
                                           Jfbufogle@msn.com
                                           918-587-3407, 918-587-3437 (fax)

                                                   **ATTORNEYS FOR PLAINTIFFS**

## Certificate of Service

I hereby certify that on October 26, 2022, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants (names only are sufficient):

Jason Andrew Brown,
John Scott Gladd
Raymond Conrad Purdom , III

                                                     /s/Joseph F. Bufogle, Sr.
                                                     Signature