UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RACHEL COLEMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.  ) | Case No. 21-CV-0430-CVE-JFJ |
| ) | |
| STATE FARM FIRE AND CASUALTY, ) | |
| COMPANY ) | |
| Defendant. ) | |

**OPINION AND ORDER**

Before the Court are defendant's motions in limine (Dkt. # 50), to which plaintiff did not respond; plaintiff's motions in limine (Dkt. # 52), and defendant's response to plaintiff's motions in limine (Dkt. # 62). The case arises from an insurance claim dispute regarding the extent of and coverage for fire and smoke damage to plaintiff's personal property. Dkt. # 2-1. On September 7, 2021, plaintiff Rachel Coleman filed a petition in the District Court of Tulsa County, Oklahoma (Dkt. # 2-1) against defendant State Farm Fire and Casualty Company (State Farm) alleging breach of contract and tortious failure to render good faith and fair dealings (bad faith). Id. at 2-3. Plaintiff sought actual damages based on defendant's alleged breaches, id. at 3-4, and alleged entitlement to punitive damages for bad faith. Dkt. # 37, at 6. On October 6, 2021, defendant removed this case to federal court because the amount in controversy exceeds $75,000 and the parties are "residents and citizens of different states." Dkt. # 2, at 2. On November 21, 2022, this Court issued an Opinion and Order, granting in part defendant's motion for summary judgment as to plaintiff's bad faith claim and the issue of punitive damages, and denying defendant's motion as to the breach of contract issue. Dkt. # 63. A full statement of the facts are contained therein. Id. at 1-8.

**II.**

Both parties have filed motions in limine to limit or exclude evidence that may be offered at trial. "The purpose of a motion in limine is to aid the trial process by enabling the Court 'to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitively set for trial, without lengthy argument at, or interruption of, the trial.'" Mendelsohn v. Sprint/United Management Co., 587 F. Supp. 2d 1210, 1208 (D. Kan. 2008). However, a court is almost always better situated to make evidentiary rulings during trial, and a court may defer an in limine ruling unless the party seeking to exclude evidence shows that the evidence is inadmissible on all potential grounds. Wright v. BNSF Railway Co., 2016 WL 1611595, *1 (N.D. Okla. Apr. 22, 2016). State Farm removed this case to federal court based on diversity jurisdiction, and the admissibility of evidence is generally governed by federal law. Blanke v. Alexander, 152 F.3d 1224, 1231 (10th Cir. 1998). State law concerning the admissibility of evidence will be considered only if the issue involves a "substantive" state rule of evidence, such as the collateral source rule or the parol evidence rule. Id. The parties are advised that all rulings on the motions in limine are preliminary.

**State Farm's Motions in Limine (Dkt. # 50)**

State Farm has filed motions in limine identifying eight categories of evidence that it seeks to exclude or limit at trial: 1) "[e]vidence or reference to the Oklahoma Unfair Claims Settlement Practices Act" (UCSPA); 2) "[e]vidence of or reference to the financial status or wealth of State Farm"; 3) "[e]vidence of or reference to other bad faith lawsuits, claims, and litigation"; 4) "[p]laintiff's counsel's opinions, prior litigations, and work experience, including [p]laintiff's counsel's history or experience with insurance"; 5) "[e]vidence, testimony, or reference to stress and/or emotional distress of [p]laintiff or any of other witnesses allegedly relating to or cuased by this litigation"; 6) "transcripts of clandestinely recorded phone calls between [p]laintiff and Jerome

Abbage"; 7) "[a]ny Golden Rule arguments"; and 8) "[a]ny reference to or testimony suggesting that State Farm should be 'taught a lesson' or 'sent a message'". Dkt. # 50. The deadline for plaintiff to file a response to defendant's motions in limine has expired, and plaintiff has not filed a response.

1.   Evidence of the Unfair Claims Settlement Practices Act

Defendant argues that the "UCSPA is a regulatory tool" and "has no probative value in a bad faith action." Id. at 4. The Court finds that, because the UCSPA would be relevant only to the issue of bad faith, and plaintiff's bad faith claim is no longer at issue, defendant's motion should be granted.

2.   Evidence of the financial status or wealth of State Farm

Defendant argues that evidence of defendant's wealth would be relevant only to the issue of punitive damages. Id. at 6. The financial status of any party may be relevant to the extent of bad faith and punitive damages; however, because plaintiff's bad faith claim is no longer at issue, defendant's motion should be granted.

3.   Evidence of other bad faith lawsuits, claims, or litigation

Defendant argues that "evidence and allegations that State Farm may or may not have breached its duties to other insureds at other times under other circumstances and other insurance contracts is simply irrelevant to the issue of whether State Farm breached the duty of good faith in this particular case." Id. at 7. Defendant is correct, and, because plaintiff's bad faith claim is no longer at issue, defendant's motion should be granted. Plaintiff is advised that she may not generally reference the fact that other lawsuits have been filed against State Farm, because this would be unfairly prejudicial and tend to encourage a verdict in her favor based merely on the fact that State Farm has been named as a defendant in other lawsuits.

4. Plaintiff's counsel's opinions, or references to prior litigation and work experience

Defendant argues that "[i]nappropriate and irrelevant statements made by [p]laintiff's counsel relating to personal opinions, or prior litigation experience in other cases, . . . should be excluded" because any such statements or opinions would be "improper, irrelevant, or prejudicial." Id. at 8. "A lawyer shall not in trial state a personal opinion as to the justness of a cause, the credibility of a witness, or the culpability of a civil litigant." Burke v. Regalado, 935 F.3d 960, 1031 (10th Cir. 2019) (quoting Whittenburg v. Werner Enterprises Inc., 561 F.3d 1122, 1130 (10th Cir. 2009)) (quotations and alterations omitted); see also Polansky v. CNA Ins. Co., 852 F.2d 626, 627-28 (1st Cir. 1988) (holding statements from counsel such as "in my opinion," "it wasn't convincing to me," and "I don't believe" were improper). However, not every attorney opinion is necessarily improper. See United States v. Grabiec, 96 F.3d 549, 550 (1st Cir. 1996) (explaining that a prosecutor's assertion that the defense's case "doesn't pass the laugh test" was "within the ordinary rough and tumble" of proper closing argument). Plaintiff's counsel should refrain from opining on the case in the manner suggested by defendant, including statements such as "this is the worst case I've ever seen" or "in all my years of suing insurers, this was the worst," Dkt. # 50, at 8, because such statements would reflect counsel's personal opinions as to the justness of the cause and defendant's culpability, which is inappropriate. In addition, the Court fails to recognize how any reference to either parties' counsels' prior litigation or work experience would be relevant to the breach of contract claim at issue, and, therefore, statements referring to all parties' counsels' prior work experience should also be prohibited.

5. Evidence, testimony, or reference to stress and/or emotional distress of plaintiff or any of other witnesses allegedly relating to or caused by this litigation

4

Defendant moves to prohibit any evidence, testimony, or reference to stress or emotional distress allegedly suffered by plaintiff or other witnesses related to or caused by this litigation. Id. at 9. Plaintiff's breach of contract claim is the only remaining claim in this case, and any alleged stress or emotional distress as a result of this litigation is irrelevant to the merits of plaintiff's claim. In addition, damages for emotional distress are not recoverable in this claim where plaintiff suffered no physical injury. See Seidenbach's, Inc. v. Williams, 361 P.2d 185, 187 (Okla. 1961) ("[D]amages may not be recovered for mental anguish, humiliation, and embarrassment allegedly resulting from a breach of contract, where same 'was not produced by, or the result of, some physical injury and suffering.'"); Coble v. Bowers, 809 P.2d 69, 73 (Okla. Civ. App. 1990) ("Emotional distress as a consequence of an intentional tort is distinguishable from distress resulting from breach of contract or negligence, which requires a showing of physical injury."); see also Woodmen Accident & Life Ins. Co. v. Bryant, 784 F.2d 1052, 1055 (10th Cir. 1986) (stating, in a case from New Mexico, that such damages are "not recoverable under a contract claim, unless the breach causes bodily harm, or unless the contract or the breach is of such a kind that serious emotional disturbance is a particularly likely result") (citing Restatement (Second) of Contracts § 353 (1981)). In her own motion in limine, plaintiff agrees that damages for her breach of contract claim are capped at policy limit of her policy. Dkt. # 52, at 6-7. The Court finds that any discussion of alledged stress or emotional distress suffered by any party as a result of this litigation is irrelevant to the breach of contract claim, and, therefore, defendant's motion in limine as to evidence, testimony, or reference to stress or emotional distress should be granted.

6.      Transcripts of recorded phone calls between plaintiff and Jerome Abbage

Defendant moves to exclude transcripts of recorded phone calls between plaintiff and Jerome Abbage, a State Farm representative, because the transcripts are not properly authenticated and the original recordings are available. Dkt. # 50, at 10. Under Federal Rules of Evidence 1002, the "best evidence rule," an "original writing, recording, or photograph is required in order to prove its content unless [the Federal Rules of Evidence] or a federal statute provides otherwise." Fed. R. Evid. 1002. The fundamental purpose of the best-evidence rule is ensuring the accuracy and authenticity of an original document. United States v. Chavez, 946 F.3d 1178, 1193-94 (10th Cir. 2020). As such, any party seeking to "prove the contents of an original writing, recording, or photograph" must admit the original in addition to any other evidence proving such content, unless there is an applicable exception provided by the Federal Rules of Evidence or federal statute. Id. at 1195. Plaintiff has not indicated to the Court that the original recordings are unavailable and, therefore, the Court finds that defendant's motion in limine as to the unauthenticated transcripts of the recorded phone calls should be granted.

7. Any Golden Rule arguments

Defendant moves to preclude any golden rule arguments, which are "jury argument[s] in which a lawyer asks the jurors to reach a verdict by imagining themselves or someone they care about in the place of the plaintiff." Dkt. # 50, at 10. Defendant argues such arguments are "universally recognized as improper, because [they] encourage[] the jury to depart from neutrality and to decide the case on the basis of personal interest and bias rather than on the evidence." Id. at 11 (internal quotations omitted). The Court agrees with defendant, and any golden rule arguments are not relevant to the breach of contract action before the jury. Therefore, the Court finds that

defendant's motion in limine as to golden rule arguments should be granted, which includes asking members of the jury to consider if it were their family, their home, their community, and so forth.

    8.    Any reference to or testimony suggesting that State Farm should be 'taught a lesson' or 'sent a message'

In the Opinion and Order dated November 21, 2022, the Court granted in part defendant's motion for summary judgment as to the issues of bad faith and punitive damages. Accordingly, any suggestion that State Farm should be 'taught a lesson,' 'sent a message,' or otherwise punished is 1) not relevant to plaintiff's breach of contract claim; and 2) risks unfair prejudice to defendant due to confusing the issues or misleading the jury. Therefore, the Court finds that defendant's motion in limine as to punishing State Farm should be granted.

**Plaintiff's Motions in Limine (Dkt. # 52)**

Plaintiff has filed motions in limine identifying two categories of evidence that she seeks to exclude or limit at trial: 1) prohibiting State Farm from making any reference to documents, statements, or any information that was not part of its "original" investigation of the claim up to February 12, 2021, which plaintiff asserts was the "[d]ate of [d]enial"; and 2) prohibiting State Farm from referring to plaintiff's "other court cases and/or legal proceedings." Dkt. # 52.

    1.    References to documents, statements, or any information that State Farm did not have until after February 12, 2021

Plaintiff argues that State Farm should not be permitted to use any documents or evidence that it did not possess when it denied their insurance claim, which plaintiff asserts was on February 12, 2021. Id. at 4. State Farm responds that plaintiff's claim "was actively being handled for months after February 12, 2021," and, therefore, it would be improper to exclude relevant evidence of the entire claims handling process which continued well past that date. Dkt. # 62, at 3. Based on the

pleadings, the Court finds it very likely that evidence of the parties' conduct and communication after February 12, 2021, will be relevant for the jury to determine the breach of contract issue. To the extent plaintiff seeks to prohibit State Farm from deviating from its original reason for limiting payment on plaintiff's insurance claim, the Court finds no reason to believe that State Farm has deviated from its original reason for limiting payment on plaintiff's insurance claim, and it does not appear that plaintiff's argument is relevant to this case. Plaintiff is advised, however, that State Farm may fully respond to new bases for coverage raised by plaintiff that were not contemplated by State Farm when it originally refused to make further payments on plaintiff's insurance claim. This includes the use of discovery materials and evidence gathered by State Farm in defending against plaintiff's claims in this case, and plaintiff's request to preclude evidence of documents, statements, or any information after February 12, 2021, should be denied.

2. Prohibited State Farm from referring to plaintiff's "other court cases and/or legal proceedings"

Plaintiff moves to prohibit State Farm from referring to plaintiff's prior litigation experience. Dkt. # 52, at 8. Defendant "does not intend to introduce any such evidence or make any such reference at trial" and so does not object to plaintiff's motion in limine. Therefore, the Court finds that plaintiff's motion in limine as any reference to plaintiff's prior litigation experience should be granted.

**IT IS THEREFORE ORDERED** that defendant's motions in limine (Dkt. # 50) are **granted in part** and **moot in part** as stated herein.

**IT IS FURTHER ORDERED** that plaintiff's motions in limine (Dkt. # 52) are **denied in part** and **granted in part** as stated herein.

**DATED** this 13th day of February, 2023.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE